13-2344
Ye v. Holder

BIA
A078 511 753

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand fourteen.

PRESENT:
 ROSEMARY S. POOLER,
 BARRINGTON D. PARKER,
 GERARD E. LYNCH,
  *Circuit Judges.*

_____

CAI HUA YE,
  *Petitioner,*

  v.                                              13-2344
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Yerman & Associates,
                       LLC New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General, Francis W. Fraser, Senior
                       Litigation Counsel, E. Tayo Otunla,
                       Trial Attorney, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cai Hua Ye, a native and citizen of the People's Republic of China, seeks review of the May 16, 2013 decision of the BIA denying her motion to reopen. *In re Cai Hua*, No. A078 511 753 (B.I.A. May 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Ye's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Ye's 2013 motion was untimely, as the final administrative decision was issued in 2004. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which

2

deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, the BIA did not abuse its discretion in declining to reopen Ye's proceedings because it correctly determined that she had not demonstrated *prima facie* eligibility for relief. *INS v. Abudu*, 485 U.S. 94, 104 (1988), *Kaur*, 413 F.3d a5 233. The BIA found that Ye's country conditions evidence showed that while China generally allows the practice of Christianity, Chinese authorities arrested leaders of underground churches and harassed parishioners. Ye did not specify that she would be a church leader, nor that any such harassment would rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Nor did Ye articulate how the authorities would know she was a practicing Christian. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Thus, the BIA did not abuse its discretion by denying Ye's motion to reopen.

We have reviewed all of Ye's arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk